D+F
C/m

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

NOT FOR PUBLICATION

BOARD OF TRUSTEES OF THE SHEET
METAL WORKERS' NATIONAL PENSION
FUND

                        Petitioner,

     -against-

BERNARD SHUMAN,

                        Respondent.

----------------------------------X

**MEMORANDUM & ORDER**
06-CV-1912(ERK)

Korman, Ch. J.

On August 28, 2006, I issued a memorandum and order denying the defendant's motion to dismiss the complaint. While I assume familiarity with the memorandum, I provide this brief summary of reasons underlying my decision. Specifically, I rejected the defendant's claim that the plaintiff's cause of action was barred by the doctrine of collateral estoppel and held that the complaint stated a cause of action for the imposition of a constructive trust under ERISA.

The defendant has filed a timely motion for reconsideration. Because both parties agree that such an ERISA cause of action does not lie, I grant the motion for reconsideration and I dismiss the complaint. In my memorandum, I explained the reasons for dismissing plaintiff's cause of action for garnishment and I decline to reconsider that aspect of my holding. Moreover, I agree with the defendant that plaintiff's belated cause of action under the New York Business Corporation, § 1005, does not entitle it to relief for the reasons stated in Romney v. Fin, 94 F.3d 74 (2d Cir. 1996). While BCE § 1005 is not explicitly directed at causes of action creating personal shareholder liability for "all debts, wages or salaries due

and owing" to any of its employees, as did the statute at issue in Romney, BCL § 630(a), it would appear to offend the rule that ERISA preempts any state law that creates liability on the part of shareholders for delinquent contributions. Id. at 80-81. While I find this result troubling as applied in the present context, it seems to me to be compelled by the applicable case law.

Accordingly, for the foregoing reasons, the motion for reconsideration is granted and the complaint is dismissed.

**SO ORDERED:**

Brooklyn, New York
October 23, 2006

                                      s/Edward R. Korman
                                      Edward R. Korman
                                      United States Chief District Judge